IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RYAN DALE GAUNT                                                                                    PLAINTIFF

V.                                            NO. 11-2172

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                        DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Ryan Dale Gaunt, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his application for DIB on January 26, 2009, alleging an inability to work since July 1, 2007, due to "Various anxiety disorders, Hyperaesthesia [.]"[1] (Tr. 147, 151). An administrative hearing was held on December 30, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 23-61).

By written decision dated June 2, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - depression

---

[1] The Court believes the Plaintiff is referring to hyperesthesia - Abnormal acuteness of sensitivity to touch, pain, or other sensory stimuli. Stedman's Medical Dictionary 920 (28th ed. 2006).

-1-

and anxiety with panic attacks. (Tr. 9). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 9). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is able to understand, remember and carry out simple, routine, and repetitive tasks; can respond appropriately to supervision and usual work situations; but can have only occasional contact with co-workers and no contact with the general public. He can perform low stress work defined as work with occasional decision-making and occasional changes in work place settings.

(Tr. 11). With the help of a vocational expert (VE), the ALJ determined Plaintiff could perform work as a small product assembler, machine tender, and kitchen helper. (Tr. 15).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on July 12, 2011. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). Both parties have filed briefs and this case is before the undersigned for report and recommendation. (Docs. 9, 10).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence

exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience

in light of his residual functional capacity (RFC).  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

### III.   Discussion:

What causes the Court concern is the fact that on January 15, 2010, Plaintiff's treating psychiatrist, Dr. Fayz Hudefi, of Vista Health, completed a Mental RFC Assessment, and found that Plaintiff suffered from "extreme" limitations in eight areas; "severe" limitations in seventeen areas; and "marked" limitations in ten areas. (Tr. 291-292).  In addition, on December 17, 2009, a psychological evaluation was completed by Robert L. Spray, Jr., Ph.D., in which he found Plaintiff suffered from "marked" limitations in seven areas.  (Tr. 287-289).

In his decision, the ALJ noted that Dr. Hudefi assigned the Plaintiff the most severe limitations, finding him extremely limited in several areas.  However, the ALJ opined that his assessment was not consistent with the Vista Health progress notes and evaluation reports, therefore finding it less persuasive.  In support of his position, the ALJ pointed to a December 5, 2007 diagnosis of Dr. Hudefi's, the fact that Dr. Hudefi adjusted Plaintiff's medications, and noted in April of 2009 that Plaintiff reported substantial improvement on Cymbalta to the point that he was considering re-enrolling in college.  However, the Court believes with this information, the ALJ should have at least inquired further of Dr. Hudefi, as to why he subsequently gave Plaintiff such severe limitations.

Also in his decision, the ALJ stated that he gave the opinions of Dr. Patricia Walz and Dr. Spray "substantial weight," as they were more consistent with the medical evidence as a whole. (Tr. 14).  However, the ALJ failed to address the "marked" areas of limitations Dr. Spray found Plaintiff to have.   The ALJ also found that the opinions of the non-examining physician

employed by the State Disability Determination Services deserved some weight, "particularly in a case like this in which there exist a number of other reasons to reach similar conclusions (as explained throughout this decision)." (Tr. 13). However, the non-examining physician, Dan Donahue, completed his Mental RFC Assessment on March 4, 2009, prior to the dates of the assessments given by Dr. Spray or Dr. Hudefi.

Accordingly, the Court believes this matter should be remanded, in order for the ALJ to inquire further from Dr. Hudefi regarding the extreme, severe and marked limitations given by him, and then re-evaluate his RFC findings. The ALJ should also more thoroughly address the marked limitations given by Dr. Spray.

IV.     **Conclusion:**

Accordingly, the Court recommends that this matter be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 25th day of July, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)